FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUL 05 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ALI ALSHAIKH,

        Plaintiff,

- against -

AIRSERV CORP. and MAHINDRANAUDT SAMPAT,

        Defendants.
------------------------------------------------------------------x

11 Civ. _____ (   ) (   )

**NOTICE OF REMOVAL**

CV 11-3195

VITALIANO, J.

CARTER, M.J.

Defendants AirServ Corporation and Mahindranaudt Sampat (hereinafter "Defendants") by and through their attorneys, Dombroff Gilmore Jaques & French, P.C., hereby give notice of the removal of the action filed in the New York State Supreme Court, County of Queens, to the United States federal district court for the Eastern District of New York pursuant to 28 U.S.C. § 1441 *et seq.* and states as follows:

1. The plaintiff commenced this action by serving a Summons and Verified Complaint on Defendant AirServ Corporation and attempting service upon Defendant Mahindranaudt Sampat on or about June 7, 2011. The Summons and Verified Complaint represents all process, pleadings and orders that Defendants have received in this action to date. A true and correct copy is attached hereto as **Exhibit A.**

2. This notice is filed in accordance with 28 U.S.C. § 1446(b) and Rule 81(c) of the Federal Rules of Civil Procedure and within thirty (30) days of Plaintiff's service of her Verified Complaint in the New York State Supreme Court, County of Queens.

3. The above-described action is a civil action for alleged property loss due to an incident that occurred on an international flight leaving John F. Kennedy International Airport located in Jamaica, New York for Amman, Jordan and which may be removed to this Court by Defendants since a defendant may remove any civil action brought in a state court of which the district courts of the United States have original jurisdiction to the district court for the district and division embracing the place where such action is pending. 28 U.S.C.S. § 1441(a). If an action is founded on a claim or right arising under the U.S. Constitution, treaties, or laws of the United States, it is removable without regard to the citizenship or residence of the parties. 28 U.S.C.S. § 1441(b).

4. The above-described matter is an action over which this Court has exclusive jurisdiction pursuant 28 U.S.C. § 1331 under the Montreal Convention, previously known as the Warsaw Convention, which is an international treaty that sets forth a uniform procedure for dealing with claims arising out of international transportation and limits an air carrier and its agents' potential liability in the event of accidents. Both the United States and Jordan are signatories to the Montreal Convention.

5. A copy of this Notice of Removal will be promptly served upon all other parties and filed with the clerk of New York State Supreme Court, County of Queens, in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendants AirServ Corporation and Mahindranaudt Sampat respectfully give notice that the action now pending against it in the New York State Supreme Court, County of Queens, has been removed therefrom to this Court.

Dated: New York, New York
July 5, 2011

DOMBROFF GILMORE
JAQUES & FRENCH, P.C.

By: _____
John R. Oh
40 Broad Street – Suite 601
New York, New York 10004-2382
(212) 742-8450 Telephone
(212) 742-0161 Telecopier
Attorneys for Defendants
AirServ Corporation and
Mahindranaudt Sampat

TO: THE ABOUSHI LAW FIRM, PLLC
Tahanie A. Aboushi, Esq.
501 Fifth Avenue, Suite 305
New York, New York 10017
Telephone: (212) 300-2113
Facsimile: (646) 367-4925
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned attorney at law of the State of New York certifies that on July 5, 2011, a true and correct copy of the foregoing Notice of Removal was served via First Class Mail on the following named attorney(s):

THE ABOUSHI LAW FIRM, PLLC
Tahanie A. Aboushi, Esq.
501 Fifth Avenue, Suite 305
New York, New York 10017
Telephone: (212) 300-2113
Facsimile: (646) 367-4925
Attorneys for Plaintiff

By: _____
John R. Oh (JO 7530)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
ALI ALSHAIKH,

            Plaintiff,

           -against-

AIRSERV CORP. and MAHINDRANAUDT SAMPAT,

           Defendants.
-----------------------------------------------------------------X

Index No. 13079/11

SUMMONS

Plaintiff designates Queens County as the Place of Trial

The basis of venue is
Place of Occurrence:
John. F. Kennedy Airport

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief and demand in the complaint.

DATED: New York, New York
        May 25, 2011

                              Yours etc.

                              THE ABOUSHI LAW FIRM, PLLC.
                              Attorneys for Plaintiff
                              By: Tahanie A. Aboushi, Esq.
                              501 Fifth Avenue, Suite 305
                              New York, NY 10017
                              Telephone: 212.300.2113
                              Facsimile: 646.367.4925

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**
-----------------------------------------------------------------X
ALI ALSHAIKH,                                                               Index No.

                Plaintiff,

           -against-

AIRSERV CORP. and MAHINDRANAUDT SAMPAT,    **COMPLAINT**

                Defendants.
-----------------------------------------------------------------X

      Plaintiff, ALI ALSHAIKH, by his attorneys, THE ABOUSHI LAW FIRM, PLLC, complaining of the defendants, respectfully allege, upon information and belief, as follows:

1. At all times hereinafter mentioned, Plaintiff, Ali Alshaikh is a resident of Syracuse, New York.

2. At all times hereinafter mentioned, Defendant MAHINDRANAUDT SAMPAT ("SAMPAT"), was and is an employee of Co-Defendant AIRSERV CORP ("AIRSERV").

3. Upon information and belief, AIRSERV is a domestic business corporation organized pursuant to the laws of the State of New York.

4. At all times hereinafter mentioned, AIRSERV was and is still doing business in the County and State of New York out of two locations: 100 Arrival Ave., #16 Ronkonkoma, NY 11779 and JFK International Airport, Building #77, Eastern Road, Penthouse Suite #1, Jamaica , NY 11430

5. At all times hereinafter mentions, Defendant AIRSERV was and still is a foreign corporation duly authorized to do business in the State of New York

6. At all times hereinafter mentions, Defendant maintains a principle place of business in the State of Georgia, located at Atlanta, 3399 Peachtree Road, NE Suite 1800 Atlanta, GA 30326.

## STATEMENT OF FACTS

7. On June 27, 2010, Plaintiff was traveling from Syracuse, New York to Amman, Jordan via Delta Airlines flight DL0032 with a connecting flight between Hancock International Airport in Syracuse, New York and J.F.K. International Airport ("J.F.K. Airport") in Queens, New York.

8. At approximately 7:30p.m. on June 27th, 2010, Plaintiff made his way through the airport toward his gate approaching the pre-boarding security screening area at Gate 14, Zone 4 at J.F.K. Airport.

9. Plaintiff was traveling with money in the form of cash in an envelope, a wallet, along with a two year old child and was carrying a laptop computer, laptop carrier, stroller and a back pack.

10. In order to board his flight, Plaintiff was required and instructed by Defendant Sampat, to remove all his belongings from his pockets and place them in separate bins which were placed on a conveyor belt.

11. In compliance with Defendant's instructions, Plaintiff placed his wallet, shoes, belt, wedding ring and vehicle keys in one bin, his laptop in a second bin, and placed the envelop filled with cash inside the lap top carrier which was then placed in a third bin.

12. Plaintiff was then instructed by Defendant, to walk through a full body metal detector.

13. Upon exiting the full body metal detectors, Plaintiff went to retrieve his belongings and immediately noticed his envelope filled with money was missing.

14. Plaintiff inquired from an AIRSERVE agent where his money was and was informed by Sampat that he had given the envelope to an elderly woman who boarded the same flight.

15. Plaintiff called the Port Authority Police Department ("PAPD") to report his money missing and to seek assistance in locating the envelope filled with cash.

16. A PAPD officer spoke to Sampat and Plaintiff regarding the theft to which Sampat admitted being in possession of the money and handing it to an elderly woman.

17. At all times herein mentioned, there was no elderly female passenger in front or behind Plaintiff at the time Plaintiff's items were passed through the conveyor belt.

18. Based upon Defendants actions, the PAPD officer and Plaintiff boarded the Delta Air Lines flight DL 00332, whereupon each elderly female passenger was questioned regarding the missing money.

19. The Pilot of said flight announced on three occasions that anyone with knowledge of the money to come forward.

20. Plaintiff and the PAPD officer delayed said flight for approximately five hours in an effort to locate the money. Plaintiff further offered a reward of $1,000 for the return of the money.

21. All of the elderly women on board said flight said they were never handed any items by any TSA agents prior to boarding the flight.

22. The canvass conducted by the PAPD produced negative results which were later documented in Police Report. *Attached is a true and accurate copy of the Police Report attached herein as "Exhibit A".*

23. Plaintiff remained on the flight and went to Amman, Jordan stranded without money. The money he was initially carrying was to help pay for his father's surgery that was scheduled the following week in Amman and to cover Plaintiff's traveling expenses.

24. Upon arriving in Jordan, Plaintiff telephoned his wife and close friends to inform them of the incident and asked them to gather enough funds to assist with the surgery and to pay for his travel expenses.

## STATEMENT OF CLAIM

### COUNT I
### (Negligence)

25. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "24".

26. Defendants, owed airline passengers passing through required security screening areas, including the Plaintiff, the duty to conduct security screening procedures in an reasonable manner so as to avoid forseeable harm to airline passengers, including the Plaintiff.

27. At all relevant times hereinafter mentioned, Defendants operated the aforesaid gate and boarding zone and its appurtenances.

28. At all relevant times hereinafter mentioned, Defendants, maintained the aforesaid gate and boarding zone and its appurtenances.

29. At all relevant times hereinafter mentioned, Defendants, controlled the security procedure for the aforesaid gate and boarding zone and its appurtenances.

30. At all relevant times hereinafter mentioned, Defendants, managed the security procedure for the aforesaid gate and boarding zone and its appurtenances.

31. At all relevant times hereinafter mentioned, Defendants, owed a duty to Plaintiff in securing his personal belongings while the items were passed through the metal detector conveyor belt.

32. At all relevant times hereinafter mentioned, Defendants, owed a duty to Plaintiff in ensuring his personal items would be returned to him and not given to an unknown third party without knowledge or consent of Plaintiff.

33. At all relevant times hereinafter mentioned, Defendants, breached their duty to Plaintiff by failing to secure Plaintiff's envelope of money while Plaintiff underwent additional security screening as per Defendants requirement.

34. At all relevant times hereinafter mentioned, Defendants, breached their duty to Plaintiff by knowingly removing Plaintiffs personal property from the laptop carrier and knowingly giving it away to an unknown third party without the knowledge or consent of Plaintiff.

35. At all relevant times hereinafter mentioned, Defendants, breached their duty to Plaintiff in failing to permit Plaintiff to regain possession of his money upon completing the full body metal detector screening.

36. At all relevant times hereinafter mentioned, Defendants, breached their duty to Plaintiff in failing to conduct security screening procedures in a reasonable way so as to avoid foreseeable harm to Plaintiff.

37. The Defendants' breach of duty caused Plaintiff to lose his envelope of money. The money taken from Plaintiff by Defendant was intended for use to pay for Plaintiff's ill father' surgery and Plaintiff's traveling expenses.

38. The Defendants knew or in the exercise of reasonable care, should have known that its breach of duty could cause Plaintiff to lose his money.

39. As a direct and proximate result of the Defendants' negligence, the Plaintiff suffered loss of his money and was essentially left stranded in Jordan without money.

## COUNT II
### (Bailment)

40. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "39" of this Complaint as if fully set forth herein.

41. Defendants requested Plaintiff's personal property which included his envelop filled with money.

42. Defendants, were given exclusive possession and control of all Plaintiff's property and knowingly accepted it through actual delivery.

43. At all times relevant hereinafter mentioned, Defendants agreed to return the property to Plaintiff upon completing security screenings.

44. Defendants knowingly failed to return to Plaintiff his envelop of money.

45. Defendants failed to exercise care over the property in its possession.

46. At all relevant times hereinafter mentioned, Defendants held Plaintiff's property for the sole benefit of Plaintiff and is liable for gross negligence.

47. Defendants knew the envelope of money was the personal property of Plaintiff as it was placed in Plaintiff's lap top carrier, yet admits to removing the envelop from the laptop carrier and giving it to an unknown third party and is therefore liable.

48. As a result Plaintiff suffered damages in loss or of his personal property and the loss of use of the money which had imperative purposes.

## COUNT III
### (Conversion)

49. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "48" of this Complaint as if fully set forth herein.

50. At all times herein mentioned, Plaintiff owned the envelope of money and its contents at the time of interference.

51. The Defendants intentionally interfered with Plaintiff's dominion and control over his personal property by taking it from Plaintiff's lap top carrier.

52. Defendants' interference deprived Plaintiff of possession and use of the money contained within the envelope by giving it away to an unknown third part.

53. Defendants' interference caused damages to the plaintiff by forcing plaintiff to be stranded in a foreign country with no monetary means along with loss of his money.

WHEREFORE, plaintiff, ALI ALSHAIKH, demands judgment against the defendants in the sum of TWO HUNDRED AND FIFTY THOUSAND ($250,000.00) DOLLARS; together with the interest, costs and such other relief as the Court may deem just and proper.

Dated: New York, NY
May 25, 2011

Respectfully Submitted,

By: _____
Tahanie A. Aboushi, Esq
THE ABOUSHI LAW FIRM, PLLC
*Attorneys for Plaintiff*
501 Fifth Avenue, Suite 305
New York, NY 10017
Telephone: 212.300.2113
Facsimile: 646.367.4924

## ATTORNEY VERIFICATION

THE UNDERSIGNED, AN ATTORNEY ADMITTED TO PRACTICE IN THE COURTS OF NEW YORK STATE, TAHANIE A. ABOUSHI, ESQ., THE ATTORNEY FOR THE PLAINTIFF HEREIN. DEPONENT HAS READ THE FOREGOING COMPLAINT AND KNOWS THE CONTENT TO BE TRUE OF HER OWN KNOWLEDGE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND AS TO THOSE MATTERS SHE BELIEVES THEM TO BE TRUE BASED UPON LETTERS, RECORDS AND DOCUMENTS IN HER POSSESSION AND COMMUNICATIONS WITH PLAINTIFF(S).

THE DEPONENT HAS VERIFIED THIS COMPLAINT IN ACCORDANCE WITH CPLR §3020(D)(3). THE UNDERSIGNED AFFIRMS THAT THE FOREGOING STATEMENTS ARE TRUE, UNDER THE PENALTIES OF PERJURY.

DATED: New York, New York

May 25, 2011

*[signature]*

TAHANIE A. ABOUSHI, ESQ.

# Exhibit "A"

## CERTIFICATION

State of New Jersey )
) ss.
County of Hudson )

1. I am the Deputy Chief, Field Aviation for the Port Authority of N.Y. & N.J. Public Safety Department.

2. The attached Port Authority of N.Y. & N.J. NCIR Report #13593 relates to an incident on June 27, 2010 at John F. Kennedy International Airport involving Ali Alshaikh. The attached report is a true copy of the original record maintained by the Port Authority of N.Y. & N.J. Public Safety Department.

3. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Benjamin Smith, Jr.
Deputy Chief, Eastern/Southern Zone
Port Authority of N.Y. & N.J.
Public Safety Department

Sworn and subscribed to
Before me this 7th day
of April, 2011.

Michael L. Gardner
Attorney at Law
State of New Jersey

**MICHAEL L. GARDNER**
ATTORNEY AT LAW
STATE OF NEW JERSEY



**THE PORT AUTHORITY OF NY & NJ**

## POLICE CRIMINAL COMPLAINT REPORT

PA21137(R3-02)

241 Erie Street, Jersey City, NJ 07310

**INSTRUCTIONS FOR SPECIFIC ITEMS:** Item No. 13, Time occurred: Indicate time span. E.G. Auto theft – time vehicle parked to time theft discovered. Burglary – Time premises secured to time burglary discovered. * Item Nos. 22, 30, 38 and 46, Race: Indicate H (American Indian or Alaskan Native), A (Asian or Pacific Islander), B (Black), W (White), U (Unknown). NOTE: Hispanics should be entered with the race code most closely representing the individual. * Item No. 55, Describe weapon: Indicate type, model, caliber, make and serial number. * Item No. 56, Distinctive words used by suspect (Modus Operandi): Record any unusual features of the crime, especially verbal statements that might connect this offense with others committed by the same offender. * Item No. 72, If crime was burglary – point of entry: Specify. E.O. Door, window, roof, ceiling. * Item No. 73, Burglary: Method used in offense only. Ex. Was window broken, alarm deactivated, door jimmied, etc.?

**DO NOT CAPITALIZE ALL WORDS.**

| Local Agency Ref. No. | Agency Code 3 | 1. Facility JFK | 2. County of Offense QUEENS | 3. ☐ C.C.R. ☒ N.C.I.R. ☐ AOA Number 13593 |
|---|---|---|---|---|
| 4. Complaint LOST PROPERTY | | 5. Law/Sect. | 6. P.A. Crime Code 49L | 7. Date Occurred 06/27/10 | 8. P.A. Location Code 203 ☒ NY ☐ NJ |
| 9. Complaint | | 10. Law/Sect. | 11. P.A. Crime Code | 12. Day Occurred SUNDAY | 13. Time Occurred (From - To) 2015 - 2025 |
| 14. Date Reported 06/27/10 | 15. Time Reported 2030 | 16. How Complaint Received ☒ In Person ☐ Telephone ☐ U.S. Mail ☐ Fax | | | 17. Post Assigned ROSCOE SEC 3 |

18. Place of Occurrence (Address): TERM #3 GATE #14 SIGNATURE SECURITY

19. Type of Location: ☒ Air Terminal Bldg.

20. Complainant's Name: AL-SHAREHELOLE A (First) (Initial)
21. Sex M  22. Race W  23. Age 66  24. Business Telephone (315) 373-0864
25. Complainant's Address: 503 ULSTER ST SYRACUSE NY 13204
26. Complainant – Suspect Relationship: ☐ Rel. ☐ Stranger ☐ Friend ☐ Other
27. Home Telephone (315) N10-7964

28. Reporting Person's Name: SIOIA (First) (Initial)
29. Sex  30. Race  31. Age  32. Business Telephone
33. Reporting Person's Address:
34. Complainant – Advised to Report Incident To PCT: ☐ Yes ☐ No
35. Home Telephone

36. Witness Name: SAMPERI MASTERGOPAHIN (First) (Initial)
37. Sex M  38. Race F/W  39. Age 52  40. Business Telephone (718) 784-3595
41. Witness Address: AIR SERV TEAM #3
42. Home Telephone

43. Suspect's Name (Last, First, Initial): ☐ Arrested ☐ Interviewed
44. Sex F  45. Race  46. D.O.B.  Age  47. Home Telephone
48. Suspect's Address
49. Ht.  50. Wt.  51. Hair  52. Eyes  53. Soc. Sec. Number

54. Complexion – Scars, Marks, Clothing, Alias
55. Describe Weapon  ☐ Used  ☐ Possessed
56. Distinctive Words Used by Suspect
57. P.A. Arrest Number & Year  58. B. Number

59. Pct. Of Occurrence 113 | 60. Pet Voucher No. | 61. Wanted Person Alarm No. | 62. Docket Number | 63. Court Date | 64. Court
65. Magistrate | 66. Disposition | 67. Case Closed By: ☐ Arrest ☐ Unfounded ☐ Other | 68. Case Open ☐ Inactive ☒ Active | 69. Records Section Only ☐ Master Log ☐ MNI File

**70. Details of Complaint:** Include additional suspects, complainants and / or witnesses. Summarize details of complaint. Use reverse side if additional space is required.

OVER

71. Vehicle and Plate Information:
Body Style | Make | Model | Year | Color
V.I.N. No. | Plate No. | Type | Yr. Exp. | State
Insurance Policy No. | Insurance Company Name | | Code No. | Value
If Vehicle was Stolen, Where: ☐ Parking Lot ☐ Street ☐ Garage ☐ Other
Alarm No. | Vehicle Impounded ☐ Yes ☐ No | Location
72. Burglary – Point of Entry: | Identify Marks:
73. Burglary – Method Used to Effect Entry:

**74. STOLEN PROPERTY – ITEMIZED**

| Quantity | Article Description - Serial and Model Numbers | Item Value |
|---|---|---|
| 800 | ROO CO RRMS U.S.C | $8,000.00 |

**75. PROPERTY SUMMARIZED**

| Type of Property | Value Stolen | Value Recovered |
|---|---|---|
| 01 – Motor Veh. Stolen or Rec. | | |
| 04 – Currency | 8000 | Ø |
| 05 – Jewelry | | |
| 06 – Furs, Clothing | | |
| 07 – Firearms | | |
| 08 – Office Equipment | | |
| 09 – TV, Radio, Camera, etc. | | |
| 10 – Household Goods | | |
| 11 – Consumable Goods | | |
| 12 – Miscellaneous | | |

76. Arresting/Investigating Officer: PO RM DBW  Shield Number: 204
77. Tax Registry Number: 041782
78. Tour Commander:  Date: 6/28/10  80. [signature]  81. [signature]

| 82. Additional | | | | | | I.C.C.R. / N.C.I.R. / TAOA Number: 13523 |
|---|---|---|---|---|---|---|
| 43. Suspect's Name (Last, First, Initial) | ☐ Arrested ☐ Interviewed | 44. Sex | 45. Race | 46. D.O.B. | Age | 47. Home Telephone |
| 48. Suspect's Address | | 49. Ht. | 50. Wt. | 51. Hair | 52. Eyes | 53. Soc. Sec. Number |
| 54. Complexion – Scars, Marks, Clothing, Alias | | | 55. Describe Weapon | | | ☐ Used ☐ Possessed |
| 56. Distinctive Words Used by Suspect | | | 57. P.A. Arrest Number & Year | | | 58. B. Number |
| 43. Suspect's Name (Last, First, Initial) | ☐ Arrested ☐ Interviewed | 44. Sex | 45. Race | 46. D.O.B. | Age | 47. Home Telephone |
| 48. Suspect's Address | | 49. Ht. | 50. Wt. | 51. Hair | 52. Eyes | 53. Soc. Sec. Number |
| 54. Complexion – Scars, Marks, Clothing, Alias | | | 55. Describe Weapon | | | ☐ Used ☐ Possessed |
| 56. Distinctive Words Used by Suspect | | | 57. P.A. Arrest Number & Year | | | 58. B. Number |

63. Additional Details of Complaint Include Additional Suspects, Complainants, Witnesses and Other Pertinent Information Regarding Incident.

@ T/P/O ABOVE COMP STATES HE HAD AROD A UNITED ENVELOPE CONTAINING LISTED PROPERTY. ABOVE WITNESS STATES HE DID PILL SAID ENVELOPE AND ASKED SECURITY LENS, "WHO'S ENVELOPE IS THIS? WITNESS ALSO DID STATES APPROACH AN UNKNOWN COLORED VEILED WOMAN AND STATES IT WAS HERS. ABOVE WITNESS DID GIVE ENVELOPE TO WOMAN. CANVAS CONDUCTED W/NEGATIVE RESULTS. ABOVE FLIGHT DID CONTAIN APPROXIMATELY SEVENTY-FIVE VEILED WOMEN ON BOARD.